IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF<br>CARPENTERS PENSION FUND et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 10 CV 02472 |
| | ) | |
| RIGGS CONSTRUCTION, INC., an Illinois<br>corporation, | ) | Judge St. Eve |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF JUDGMENT AGAINST ERIC RIGGS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 69**

Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, *et al.* ("Plaintiffs")

by and through their attorneys hereby move this Court to enter an order of judgment

pursuant to Federal Rule of Civil Procedure 69 against Eric Riggs, personally, because Eric

Riggs, as President of RIGGS CONSTRUCTION, INC., an Illinois corporation ("Defendant"),

caused $10,051.56 to be transferred from the accounts of Defendant after the service of a citation

to discover assets. In support of their motion, Plaintiffs state as follows:

**THE CITATION**

1.       Plaintiffs served Eric Riggs, as President of Defendant, with a Citation to

Discover Assets on August 25, 2010. A copy of the Citation is attached as Exhibit 1. A copy of

the affidavit of service is attached as Exhibit 2.

**FEDERAL RULE OF CIVIL PROCEDURE 69**

2.       Federal Rule of Civil Procedure 69 provides that the process to enforce a civil

judgment entered by a federal court "shall be in accordance with the practices and procedure of

the state in which the district court is held." The Illinois statute governing supplementary

proceedings to enforce a civil judgment is 735 Ill. Comp. Stat. § 5/2-1402. A citation to discovery assets "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom" 735 Ill. Comp. Stat. § 5/2-1402(f)(1).

3.      The citation served upon Defendant here so provided. (See Citation, Exhibit 1, Page 1, Para. 5).

4.      Moreover, under 735 Ill. Comp. Stat. § 5/2-1402(f)(1):

[t]he court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this section, or in the amount of the value of the property transferred, whichever is lesser.

**ERIC RIGGS TRANSFERS ASSETS AFTER SERVICE OF CITATION**

5.      On numerous occasions after August 25, 2010, including August 30, September 7, 20, and 27, October 11 and 25, and November 10, 2010, Eric Riggs signed checks from Riggs Construction, Inc.'s bank account, transferring cash to numerous persons and entities. (See canceled checks, Exhibit 3). The total of said transfers is $10,051.56.

**REQUESTED RELIEF**

6.      Both Illinois and federal courts have upheld the plain language of the Illinois statute allowing courts to impose judgment upon those who violate the restraining provision of citations. *City of Chicago v. Air Auto Leasing Co.*, 297 Ill.App.3d 873, 697 N.E.2d 788 (Imposition of a judgment remedy against the judgment debtors' corporate officer after he transferred property after being served with citations to discover assets, the court holding that the citations' restraining provision applied to transfers made in the ordinary course of the debtors' business and that qualified privilege did not apply to shield the officer from liability); *Laborers'*

2

*Pension Fund, v. Dominic Jr., Inc.*, 2003 WL 21310282 (N.D.Ill.) (President of corporation found in contempt of court for violation of the lien imposed at the time of the service of a citation to discover assets and judgment entered against the President, personally, after he signed 96 checks from corporation's bank account, transferring cash to numerous persons and entities after service of said citation).

      7.      Plaintiffs move this Court to enter an order of judgment in the amount of $10,051.56 against Eric Riggs, personally, for causing the transfer of these assets by signing checks payable to numerous persons and entities other than the Plaintiff after being served with a citation to discover assets.

      8.      A proposed draft order is attached hereto as Exhibit 4.

      WHEREFORE, Plaintiffs, the Chicago District Council of Carpenters Pension Fund, et al. move this Court to enter an order:

      A.      for judgment in the amount of $10,051.56 against Eric Riggs, personally, for causing the transfer of this amount in violation of a citation to discover assets; and

      B.      granting such other relief as the Court deems appropriate.

> CHICAGO REGIONAL COUNCIL OF
> CARPENTERS PENSION FUND, et al.,
>
> By:  John J. Sopata         
>       One of Their Attorneys

Kevin P. McJessy
John J. Sopata, Of Counsel
McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

## CERTIFICATE OF SERVICE

I, John J. Sopata, an attorney, certify that I caused the foregoing **Motion for Entry of Judgment Against Eric Riggs Pursuant to Federal Rule of Civil Procedure 69** to be served upon

      Eric Riggs, President
      Riggs Construction, Inc.
      240 North 2550th Road
      Peru, Illinois 61354-9609

by having a true and correct copy placed in U.S. Mail Depository at 3759 N. Ravenswood, Chicago, Illinois, postage prepaid, on this 21th day of December, 2010.

                By: John J. Sopata
                         One of Their Attorneys

# 10 CV 2472

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 10 CV 02472 |
| RIGGS CONSTRUCTION, INC., an Illinois corporation, | ) ) ) ) | Judge St. Eve |
| Defendants. | ) | |

## CITATION NOTICE

Court:   United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, IL 60604

Case:   *Chicago Regional Council of Carpenters Pension Fund, et al., Judgment Creditors v. Riggs Construction, Inc.*, Case 10 CV 02472

Judgment Debtor:   Riggs Construction, Inc.

Counsel for Judgment Creditor:   Kevin P. McJessy, McJessy, Ching & Thompson, LLC 3759 North Ravenswood, Suite 231, Chicago, IL 60613

Amount of Judgment:   $256,833.55

Name of Party Receiving Citation:   Eric Riggs, President
Riggs Construction, Inc.
240 North 2550th Road
Peru, Illinois 61354-9609

Date and Time of Citation:   September 2, 2010, at 1:00 p.m.

Location of Citation:   McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231, Chicago, Illinois 60613

NOTICE: The Court has issued a citation against the party named above. The citation directs that party to appear to be examined for the purpose of allowing the Judgment Creditor to discover income and assets belonging to the Judgment Debtor or in which the Judgment Debtor has an interest. The citation was issued on the basis of a judgment against the Judgment Debtor in favor of the Judgment Creditor in the amount stated above. On or after the date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY

EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR
WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED
ABOVE:

1)  Under Illinois or federal law, the exemptions of personal property owned by the debtor
include the debtor's equity interest, not to exceed $4,000 in value, in any personal benefits;
as chosen by the debtor; Social Security and SSI benefits; public assistance benefits;
unemployment compensation benefits; worker's compensation benefits; veteran's benefits;
circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400
in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in
value, in any implements, professional books, or tools of the trade of the debtor.

2)  Under Illinois law, every person is entitled to an estate in homestead, when it is owned and
occupied as a residence, to the extent in value of $15,000, which homestead is exempt from
judgment.

3)  Under Illinois law, the amount of wages that may be applied toward a judgment is limited to
the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings
for a week exceed the total of 45 times the federal minimum hourly wage.

4)  Under federal law, the amount of wages that may be applied toward a judgment is limited to
the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable
earnings for a week exceed 30 times the federal minimum hourly wage.

5)  Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The Judgment Debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO
DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.  The Judgment Debtor
also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at U.S.
Clerk of Court, 219 S. Dearborn St., Chicago, IL  60604.  When so notified, the Clerk of Court
will provide a hearing date and the necessary forms that must be prepared by the Judgment
Debtor or the attorney for the Judgment Debtor and sent to the Judgment Creditor regarding the
time and location of the hearing.  This notice may be sent by regular first class mail.

_____
Counsel

Kevin P. McJessy
John J. Sopata, of Counsel
MCJESSY, CHING & THOMPSON, LLC
3759 Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF | ) | |
| CARPENTERS PENSION FUND et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 10 CV 02472 |
| | ) | |
| RIGGS CONSTRUCTION, INC., an Illinois | ) | Judge St. Eve |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## CITATION TO DISCOVER ASSETS

TO:    Eric Riggs, President
       Riggs Construction, Inc.
       240 North 2550th Road
       Peru, Illinois 61354-9609

YOU ARE HEREBY COMMANDED to appear at McJessy, Ching & Thompson, LLC, 3759 N. Ravenswood, Suite 231, Chicago, Illinois, 60613, on September 2, 2010 at 1:00 p.m. to be examined under oath before a certified court reporter to discover assets or income not exempt from the enforcement of the judgment.

Judgment was entered against Riggs Construction, Inc., ("Judgment Debtor") on July 12, 2010, of which $256,833.55 plus interest remains unsatisfied. A copy of the judgment is attached hereto as Exhibit A.

YOUR FAILURE TO APPEAR AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.

YOU ARE COMMANDED to produce at the examination documents described in the Rider attached as Exhibit B and all books, papers, or records in your possession or control which may contain information concerning the property or income of Judgment Debtor.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Judgment Debtor or to which the Judgment Debtor may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Judgment Debtor, until further order of Court or termination of the proceedings, whichever occurs first. You are not required to

withhold the payment of any money beyond double the amount of the judgment that remains unsatisfied.

WITNESS _____, 2010

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

AUG 13 2010

DEPUTY CLERK

Kevin P. McJessy
John J. Sopata, of Counsel
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)

# 10 CV 2472

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 10 CV 02472 |
| RIGGS CONSTRUCTION, INC., an Illinois corporation, | ) ) ) | Judge St. Eve |
| Defendants. | ) ) ) | |

## JUDGMENT ORDER

WHEREAS, the Chicago District Council of Carpenters Pension Fund, et al. ("Trust Funds") filed their Complaint against RIGGS CONSTRUCTION, INC., ("Defendant") and obtained Service of Summons on Defendant on May 16, 2010, and filed the Affidavit of Service on June 4, 2010;

WHEREAS, Defendant has failed to appear, answer or otherwise plead;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, upon motion of the Trust Funds for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55 and for good cause shown as set forth in the Trust Funds' motion and supporting declarations, judgment is entered in favor of the Trust Funds and against Defendant in the amount of $256,833.55, which is comprised of $298,299.34 pursuant to the Settlement Agreement, plus total attorneys' fees and costs of $1,928.17 incurred by the Trust Funds in connection with their efforts to enforce the terms of the Settlement Agreement, less $43,393.96 previously paid under the Settlement Agreement.

IT IS FURTHER ORDERED that the Defendant shall pay the Trust Funds any additional attorneys' fees incurred in collecting amounts due under this judgment order;

IT IS FURTHER ORDERED that the Trust Funds have such other relief as the Court deems just and equitable.

_July 12, 2010_
Date

Judge Amy J. St. Eve

# 10 CV 2472

# Exhibit B

## RIDER TO CITATION TO DISCOVER ASSETS

You are hereby commanded to produce the following documents at the citation examination:

1. Judgment Debtor's 2007, 2008 and 2009 state and federal income tax returns complete with all schedules;

2. documents showing Judgment Debtor's ownership of any real estate located in Illinois or outside of Illinois for the period of January 1, 2009 through the present, together with documents showing any loans which are secured by said property and the status of said loans as of the date of this citation;

3. documents showing Judgment Debtor's ownership of any beneficial interest in an Illinois land trust or any other land trust for the period of January 1, 2009 through the present, together with documents showing any loans which are secured by said property and the status of said loans as of the date of this citation;

4. documents showing Judgment Debtor's ownership or right to money or other assets for the period of January 1, 2009 through the present, together with documents showing any loans which are secured by said property and the status of said loans as of the date of this citation;

5. documents showing Judgment Debtor's ownership or right to money or other assets pursuant to a trust or other agreement for the benefit of the Judgment Debtor for the period of January 1, 2009 through the present, together with documents showing any loans which are secured by said property and the status of said loans as of the date of this citation;

6. documents showing Judgment Debtor's ownership of any motor vehicles titled under the laws of the State of Illinois or any other State of the United States for the period of January 1, 2009 through the present, together with documents showing any loans which are secured by said property and the status of said loans as of the date of this citation;

7. all checking accounts, savings accounts, other bank accounts or deposit accounts held in the name of the Judgment Debtor, together with all documents related thereto, i.e., check stubs, canceled checks, passbook savings accounts, certificates of deposit and the like, for the period of January 1, 2009 through the present;

8. all checking accounts, savings accounts, other bank accounts or deposit accounts held jointly in the name of the Judgment Debtor and any other person or company, together with all documents related thereto, i.e., check stubs, canceled checks, passbook savings accounts, certificates of deposit and the like, for the period of January 1, 2009 through the present;

9. all documents showing Judgment Debtor's ownership or right to money or other assets for the period of January 1, 2009 through the present, together with

documents showing any loans which are secured by said property and the status of said loans as of the date of this citation;

10. all documents showing Judgment Debtor's ownership of stocks, bonds, partnership interests, limited partnership interests and any other investment interests that the Judgment Debtor may hold or held for the period of January 1, 2009 through the present together with documents showing any loans which are secured by said property and the status of said loans as of the date of this citation;

11. all documents showing any money owed to the Judgment Debtor whether due, overdue or not yet due to the Judgment Debtor or any other legal entity which the Judgment Debtor owns or retains a beneficial interest in;

12. documents showing any intangible property right of which the Judgment Debtor has a monetary interest;

13. stock transfer records for the period of January 1, 2009 through the present;

14. Judgment Debtor's corporate minute books for the period of January 1, 2009 through the present;

15. payroll and accounts receivable records for the period of January 1, 2009 through the present;

16. Judgment Debtor's accounts receivable for the period of January 1, 2009 through the present;

17. all cash held by Judgment Debtor;

18. documents sufficient to show all inventory, equipment or other personal property in the possession of Judgment Debtor; and

19. any property casualty insurance policy in effect for the period of January 1, 2009 through the present listing any personal property owned or insured by the Judgment Debtor.

## CERTIFICATE OF ATTORNEY

In the United States District Court for the Northern District of Illinois, Eastern Division on July 12, 2010, a judgment in the amount of $256,833.55 was entered in favor of The Chicago Regional Council of Carpenters Pension Fund, et al. and against Riggs Construction, Inc., in Case No. 10 CV 02472 which remains unsatisfied.

I, the undersigned certify to the Court, under penalties as provided by law pursuant to the laws of the United States that all information stated herein is true.

_____, August 13, 2010
John J. Sopata

Kevin P. McJessy
John J. Sopata, of Counsel
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)

# 10 CV 2472

# Exhibit 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## CASE# 10 CV 02472

## AFFIDAVIT OF SPECIAL PROCESS SERVER

**AFFIANT: V. Lawson**

Being first duly sworn on oath deposes and says that he/she was duly appointed by the Court to serve process in the above mentioned case and/or that he/she is a person over the age of 18 and not a party to this action and is authorized by statute to effect Service of Process according to Public Act #85-0907, effective 11-23-87, amending Chapter 110, Section 2-202, of the "Code of Civil Procedure," approved 8-19-81, as amended thereof.

That he/she served the within:

\_\_\_SUMMONS & COMPLAINT
\_X\_\_CITATION TO DISCOVER ASSETS
\_\_\_RULE TO SHOW CAUSE
\_\_\_ORDER:
\_\_\_SUBPOENA FOR TRIAL AND/OR DEPOSITION AND/OR RECORDS
\_\_\_OTHER:

1. \_X\_\_By leaving a copy with the within named defendant_Eric Riggs_____personally on__8/25/10. He refused to provide his name___.

2. \_\_\_On the within named defendant_____by leaving a copy of same at his/her usual place of abode with_____a person of the household over the age of 13 and informed that person of the contents on _____and mailed a copy to _____at his/her usual place of abode on _____.

3. \_\_\_On the within defendant company_____ by leaving a copy with _____ on _____.

4. That the sex, race, and approximate age of the person receiving documents are:
Sex __M___ Race _W____ Approximate Age/DOB_44-45 Ht 6'1 Wt 230 Hair Brn Eyes Blue____.

5. That the place where and the date and time of service are as follows:
Place: 240 N 2550th Rd Peru 61354
Time: 7 : 03 AM

6. That he/she was unable to serve the within named defendant _____ for the reason _____.

SUBSCRIBED and SWORN
To before me this 17 day
of _____ 2010

_____
Midwest Investigations, Inc
**#117-001436**

# 10 CV 2472

# Exhibit 3



Ck# 1076 for $129.37 - 10/18/2010

Ck# 1076 for $129.37 - 10/18/2010

 

Ck# 1072 for $196.44 - 10/04/2010

Ck# 1072 for $196.44 - 10/04/2010

 

Ck# 1071 for $24.13 - 09/24/2010

Ck# 1071 for $24.13 - 09/24/2010

 

Ck# 1120 for $45.58 - 09/13/2010

Ck# 1120 for $45.58 - 09/13/2010

 

Ck# 1119 for $75.27 - 09/03/2010

Ck# 1119 for $75.27 - 09/03/2010

 

Ck# 1079 for $8,500.00 - 11/12/2010        Ck# 1079 for $8,500.00 - 11/12/2010

 

Ck# 1078 for $213.19 - 11/01/2010        Ck# 1078 for $213.19 - 11/01/2010

 

Ck# 1077 for $43.94 - 10/29/2010        Ck# 1077 for $43.94 - 10/29/2010

 

Ck# 1074 for $754.58 - 10/18/2010        Ck# 1074 for $754.58 - 10/18/2010

 

Ck# 1075 for $69.06 - 10/18/2010        Ck# 1075 for $69.06 - 10/18/2010

# 10 CV 2472

# Exhibit 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 10 CV 02472 |
| RIGGS CONSTRUCTION, INC., an Illinois corporation, | ) ) ) | Judge St. Eve |
| Defendant. | ) ) ) ) | |

## JUDGMENT ORDER AGAINST ERIC RIGGS
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 69

WHEREAS, the Chicago District Council of Carpenters Pension Fund, et al. ("Trust Funds") filed their motion for entry of judgment against Eric Riggs pursuant to Federal Rule of Civil Procedure 69;

WHEREAS, Plaintiffs served Eric Riggs, as President of Defendant, with a Citation to Discover Assets on August 25, 2010;

WHEREAS, on occasions after August 25, 2010, Eric Riggs signed checks from Riggs Construction, Inc.'s bank account, transferring cash to numerous persons and entities, the total of said transfers being $10,051.56;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, upon motion of the Trust Funds for entry of judgment against Eric Riggs pursuant to Federal Rule of Civil Procedure 69 and 735 Ill. Comp. Stat. § 5/2-1402 and for good cause shown as set forth in the Trust Funds' motion and supporting exhibits, judgment is entered in favor of the Trust Funds and against Eric Riggs, personally, in the amount of $10,051.56.

IT IS FURTHER ORDERED that the Trust Funds have such other relief as the Court deems just and equitable.

_____
Date

_____
Judge Amy J. St. Eve